UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GERTRUDE TUCK,<br><br>*Plaintiff*,<br><br>v.<br><br>DISTRICT OF COLUMBIA,<br><br>*Defendant*. | Civil Action No. 24-cv-02609 (TSC) |

### DEFENDANT'S MOTION TO DISMISS TO DISMISS THE COMPLAINT

Defendant District of Columbia respectfully moves to dismiss the Complaint under Fed. R. Civ. P. 12(b)(6). A supporting memorandum of points and authorities, exhibits, and a proposed order are attached for the Court's consideration.

Date: November 15, 2024

Respectfully submitted,

BRIAN L. SCHWALB
Attorney General for the District of Columbia

STEPHANIE E. LITOS
Deputy Attorney General
Civil Litigation Division

*/s/ Christina Okereke*
CHRISTINA OKEREKE [219272]
Chief, Civil Litigation Division, Section II

*/s/ Rachel B. Gale*
RACHEL B. GALE [90003972]
KATHERINE BRUMUND [90017779]
Assistant Attorneys General
400 6th Street, NW
Washington, D.C. 20001
(202) 735-7458
rachel.gale@dc.gov

*Counsel for Defendant District of Columbia*

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| GERTRUDE TUCK,<br><br>        *Plaintiff*,<br><br>    v.<br><br>DISTRICT OF COLUMBIA,<br><br>        *Defendant*. | Civil Action No. 24-cv-02609 (TSC) |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS TO DISMISS THE COMPLAINT**

**INTRODUCTION**

This lawsuit arises from Plaintiff Gertrude Tuck's employment with District of Columbia Public Schools (DCPS), which was terminated in June 2021.  In her three-count complaint, Plaintiff asserts the following claims against Defendant District of Columbia (the District): disability discrimination under the Americans with Disabilities Act of 1990 (ADA), 42 U.S.C. § 12101 *et seq.* (Count I); age discrimination under the Age Discrimination in Employment Act of 1967 (ADEA), 29 U.S.C. § 621 *et seq.* (Count II); and retaliation under Title VII of the Civil Rights Act of 1964 (Title VII), 42 U.S.C. § 2000e *et seq*. (Count III).  Compl., ECF No. 1.  The Court should dismiss the Complaint in its entirety.

*First*, because Plaintiff fails to plausibly allege that she was terminated because of her disability, the Court should dismiss Count I of the Complaint.  *Second*, the Court should dismiss Count II of the Complaint because Plaintiff's allegations do not support an inference that she was terminated because of her age.  *Finally*, Count III should be dismissed because Plaintiff did not exhaust her administrative remedies on her Title VII retaliation claim and thus the claim is not

actionable, and even if Plaintiff had exhausted her administrative remedies, Count III still fails because Plaintiff does not allege that she engaged in protected activity under Title VII. Accordingly, the Court should dismiss the Complaint with prejudice.

## FACTS

Plaintiff is a 71-year-old former employee with DCPS; she was 69 years old at the time of her termination. Compl. ¶¶ 12, 13; Ex. 1, EEOC Charge. She began working for DCPS as a substitute teacher in 2012. *Id.* After being a teacher from 2017 to 2019, Plaintiff became a Registrar. *Id.* She was the Registrar for Hendley Elementary School until June 2021. *See id.* ¶¶ 13, 20.

Plaintiff alleges that she suffered in injury in early 2021 that "temporarily disabled" her. *Id.* ¶ 14. She asserts that, as a result of this injury, "she was not able to care for herself and perform manual tasks[] as usual and relied on the assistance of others," but she maintains that "she was still able to perform the essential functions of her job as Registrar with or without accommodation," *id.* Plaintiff alleges that the District was aware of her disability. *Id.* ¶ 15. In March 2021, the District approved Plaintiff's request for FMLA leave. *Id.* ¶ 16. In July 2021, Plaintiff's doctor released her to return to work, of which she notified DCPS on July 26, 2021. *Id.* ¶ 17.

Plaintiff returned to work on July 28, 2021. *Id.* ¶ 18. That day, the principal asked her to meet him in his office. *Id.* At that meeting, Plaintiff was given "a letter dated June 4, 2021, notifying her of the elimination of her position effective June 25, 2021." *Id.* Plaintiff was informed that her position was eliminated "as part of a reduction in force." *Id.* Plaintiff alleges that, prior to July 28, 2021, she was not aware that her position had been eliminated and that her termination was effective on June 25, 2021. *Id.* ¶ 19. However, "[j]ust prior to Plaintiff taking

2

FMLA leave in March 2021, [the District] had made budgetary adjustments and reduction in force decisions at Hendley Elementary School, where [Plaintiff] was the Registrar." *Id.* ¶ 20. Plaintiff alleges that the other individuals whose positions were eliminated as part of the reduction in force "were contacted to pick up their reduction in force letters from the office and notified of job fairs and other opportunities to regain employment with [the District]," *id.* ¶ 21, and that she was not, *see id.* ¶ 29.

According to Plaintiff, in early 2021 before she went out on FMLA leave in March 2021, "[she] was subjected to repeated derogatory remarks and discussions about her age by the Vice Principal and other administrative staff at Hendley Elementary." *Id.* ¶ 22. She claims that "[t]his included comments, remarks or discussions about [Plaintiff's] 'gray hair,' 'dyeing' of her hair, and [Plaintiff] not dressing as an 'elderly woman.'" *Id.* Plaintiff does not indicate that any person who was a decisionmaker in the determination to eliminate her position under the reduction in force made any such remarks. *See id.*

On January 26, 2022, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission (EEOC) alleging disability and age discrimination. *See* Ex. 1, EEOC Charge. The charge did not include any allegations of retaliation unlawful under Title VII. *See id.*

## STANDARD OF REVIEW

To survive a motion to dismiss, a plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 555 (2007). In *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the Supreme Court set forth a "two-pronged approach" for ruling on a motion to dismiss under Fed. R. Civ. P. 12(b)(6). 556 U.S. at 679.

3

While a court generally must consider a plaintiff's factual allegations as true, it must first "identify[] pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* Thus, the basic pleading standards "demand[] more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* at 678 (citing *Twombly*, 550 U.S. at 555). If the court determines that the plaintiff has asserted "well-pleaded factual allegations," it "should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* at 679. But the court need not draw inferences in favor of the non-movant "if such inferences are unsupported by the facts set out in the complaint." *Kowal v. MCI Commc'ns Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994).

Motions to dismiss for failure to exhaust administrative remedies are properly addressed as motions to dismiss for failure to state a claim. *See Scott v. Dist. Hosp. Partners, L.P.*, 60 F. Supp. 3d 156, 161 (D.D.C. 2014), *aff'd*, 715 F. App'x 6 (D.C. Cir. 2018). While the Court cannot consider materials outside the pleadings when deciding a motion to dismiss without converting it to a motion for summary judgment, Fed. R. Civ. P. 12(d), it can consider documents incorporated in the complaint in deciding a Rule 12(b)(6) motion without converting the motion into one for summary judgment, including documents referenced or cited to in a complaint, such as EEOC charges. *Id.* (deeming plaintiff's EEOC charges as incorporated into her complaint and considering them without converting motion to dismiss into one for summary judgment); *see also Cong. v. District of Columbia*, 277 F. Supp. 3d 82, 88 n.2 (D.D.C. 2017) ("The Court can permissibly rely on Congress's EEOC charge without converting this to a motion for summary judgment because the document is one that Congress refers to in her complaint and that her claims necessarily relies on." (internal citation omitted)). A court may

4

also take judicial notice of public records from other proceedings, including EEOC proceedings. *See Abhe & Svoboda, Inc.*, 508 F.3d 1052, 1059 (D.C. Cir. 2007); *see also Golden v. Mgmt. & Training Corp.*, 319 F. Supp. 3d 358, 366 n.2 (D.D.C. 2018) (noting that "courts often take judicial notice of EEOC charges and EEOC decisions" in deciding motions to dismiss and collecting such cases). The Court may thus consider Plaintiff's EEOC charge without converting this motion to dismiss to a motion for summary judgment.

## ARGUMENT

I. **Plaintiff Fails to State a Plausible ADA Discrimination Claim (Count I).**

Plaintiff's ADA claim fails because she does not plausibly allege that she was terminated because of her disability. "To state a claim for employment discrimination under the [ADA], a plaintiff must allege: '[(1)] that [s]he had a disability within the meaning of the ADA, [(2)] that [s]he was 'qualified' for the position . . , and [(3)] that [s]he suffered an adverse employment action because of h[er] disability." *Blackwell v. SecTek, Inc.*, 61 F. Supp. 3d 149, 156 (D.D.C. 2014) (quoting *Swanks v. WMATA,* 179 F.3d 929, 934 (D.C. Cir. 1999)).

Here, Plaintiff's claim falters on the third prong. "Courts in this district have allowed a plaintiff's claim of employment discrimination to survive a [Rule] 12(b)(6) motion as long as the complaint supports an inference of discrimination." *Badwal v. Bd. of Trustees of Univ. of the Dist. of Columbia*, 139 F. Supp. 3d 295, 311 (D.D.C. 2015). But Plaintiff's complaint does not meet this low bar. *See* Compl. Instead, Plaintiff broadly alleges that, in terminating her employment, the District discriminated against her because of her disability. *See id.* ¶ 29. But Plaintiff's position was eliminated as part of a reduction in force, *id.* ¶ 18, and Plaintiff does not allege that non-disabled employees were not also terminated as part of the reduction in force, *see id.* ¶¶ 18, 29, 31. In fact, she acknowledges that other individuals at her school were also

5

terminated as part of the reduction in force. *See id.* ¶ 20. And the Complaint is silent about the disability status of the other individuals included in the reduction in force.[1] *See id.*

Plaintiff alleges that she was terminated "because she requested an accommodation based on her disability." *Id.* ¶ 29. But the District granted Plaintiff's request for a reasonable accommodation—FMLA leave—three months before her position was eliminated in the reduction in force, *see id.* ¶¶ 16, 18, and Plaintiff offers no further factual support to suggest that she was included as part of the reduction in force in June 2021 because she sought an accommodation. *See id.* ¶¶ 15–18. Plaintiff's threadbare allegations do not plausibly allege an ADA discrimination claim. Therefore, the Court should dismiss Count I of the Complaint. *See Anderson v. CloudHQ LLC*, No. 24-CV-916 (JMC), 2024 WL 2152464, at *3 (D.D.C. May 14, 2024) (dismissing ADA disability discrimination claim because the plaintiff's "utter lack of detail with regard to the two women who replaced her does not support a plausible inference of discrimination on the basis of disability"); *see also Sheller-Paire v. Gray*, 888 F. Supp. 2d 34, 41 (D.D.C. 2012) ("[T]he plaintiff alleges no fact from which a reasonable person could infer that his status as an African–American or his alleged disability caused him to suffer an adverse employment action."), and *id.* at 39 n.5.

## II.    Plaintiff's ADEA Claim Fails (Count II).

Plaintiff's ADEA claim fails because the allegations in the Complaint do not support an inference that she was terminated because of her age. "Under . . . the ADEA, 'the two essential elements of a discrimination claim are that (i) the plaintiff suffered an adverse employment

---

[1] Although Plaintiff baldly alleges that non-disabled employees were given an opportunity to regain employment with the District, *see* Compl. ¶ 29, Plaintiff offers no factual allegations to support this assertion, *see id.* ¶¶ 21, 29. Indeed, this allegation contradicts an earlier allegation that makes no mention of the disability status of the employees offered the opportunity to regain employment. *Compare id.* ¶ 21 *with id.* ¶ 29.

action (ii) because of the plaintiff's . . . age[.]'" *Peters v. District of Columbia*, 873 F. Supp. 2d 158, 196 (D.D.C. 2012) (quoting *Baloch v. Kempthorne*, 550 F.3d 1191, 1196 (D.C. Cir. 2008)). In evaluating a motion to dismiss an ADEA claim of a non-federal employee, the key is whether the allegations, taken as true, support an inference of discrimination—"that the challenged personnel action was taken because of age." *Ford v. Mabus*, 629 F.3d 198, 205 (D.C. Cir. 2010); *see also Lawson v. Sessions*, 271 F. Supp. 3d 119, 134 (D.D.C. 2017).[2]

Here, Plaintiff's allegations do not support an inference that she was terminated because of her age. Rather, Plaintiff asserts in a conclusory fashion that her termination constituted "age-based discrimination." Compl. ¶ 39. Although Plaintiff alleges that she was "subjected to derogatory and demeaning remarks, comments and discussion about her age" by unnamed "employees and administrative officials, including a Vice Principal," *id.* ¶ 40, she does not allege that any decisionmaker involved in the determination to eliminate her position in the reduction of force made such age-based comments to her. *See* Compl. And although Plaintiff baldly claims that she was "treated unfavorably compared with younger similarly situated co-workers and colleagues," *id.* ¶ 40, she does not allege that "younger, similarly situated co-workers and colleagues" were not also terminated as part of the reduction in force in June 2021, *see id.* ¶¶ 18, 40. Indeed, she makes no allegations about the make-up of the other eliminated employees at all. *See id.* ¶ 21. Plaintiff's conclusory allegations are not enough to plausibly allege an ADEA discrimination claim because conclusions are not entitled to the assumption of truth. *See Iqbal*,

---

[2]  District employees are covered by the non-federal ADEA provisions. *See Lindsey v. District of Columbia*, 879 F. Supp. 2d 87, 89–90 (D.D.C. 2012). Accordingly, a District employee "must show that the challenged personnel action was taken because of age . . . [rather than] that the personnel action involved 'any discrimination based on age.'" *Ford v. Mabus*, 629 F.3d 198, 205 (D.C. Cir. 2010) (quoting 29 U.S.C. § 633a).

7

556 U.S. at 678 ("A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" (quoting. *Twombly*, 550 U.S. at 555)).  Accordingly, the Court should dismiss Count II of the Complaint.  *See Gladden v. Solis*, 926 F. Supp. 2d 147, 151 (D.D.C. 2013) ("[T]he Court is unpersuaded that it is a 'reasonable inference' from the alleged facts that the decision not to include plaintiff on the list of eligible candidates was because of plaintiff's race or age, especially given that there is no allegation that the reviewer harbored any discriminatory animus . . . ."), *aff'd sub nom. Gladden v. Perez*, No. 13-5125, 2013 WL 6222904 (D.C. Cir. Nov. 19, 2013); *Anderson*, 2024 WL 2152464, at *2, 3 (dismissing Title VII and ADA discrimination claims for failure to plausibly allege an inference of discrimination).

### III.     Plaintiff's Title VII Retaliation Claim Fails (Count III).

#### A.     Plaintiff Failed to Exhaust Her Administrative Remedies.

To begin, the Court should dismiss Plaintiff's Title VII retaliation claim because Plaintiff failed to exhaust her administrative remedies.  "Title VII requires that a person complaining of a violation file an administrative charge with the EEOC and allow the agency time to act on the charge."  *Park v. Howard Univ.*, 71 F.3d 904, 907 (D.C. Cir. 1995).  "Only after the EEOC has notified the aggrieved person of its decision to dismiss or its inability to bring a civil action within the requisite time period can that person bring a civil action herself."  *Id.*  And any lawsuit filed after a plaintiff is given notice of her right to sue "is limited in scope to claims that are 'like or reasonably related to the allegations of the charge and growing out of such allegations.'"  *Id.* (quoting *Cheek v. Western & Southern Life Ins. Co.,* 31 F.3d 497, 500 (7th Cir. 1994)).  "Specifically, a plaintiff's claims 'must arise from the administrative investigation that can reasonably be expected to follow the charge of discrimination.'"  *Kruger v. Cogent Commc'ns,*

8

*Inc.*, 174 F. Supp. 3d 75, 82 (D.D.C. 2016) (quoting *Park*, 71 F.3d at 907).  Thus, a plaintiff must file a separate EEOC charge for each discrete act of retaliation before filing suit.  *Klotzbach-Piper v. Nat'l R.R. Passenger Corp.*, 373 F. Supp. 3d 174, 186 (D.D.C. 2019); *see also Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 113 (2002).

Here, Plaintiff failed to fulfill the exhaustion requirement before bringing her Title VII retaliation claim.  Before bringing this lawsuit, Plaintiff filed an EEOC charge on January 26, 2022.  *See* Ex. 1.  In her charge, Plaintiff alleged disability discrimination under the ADA and age discrimination under the ADEA.  *See id.*  But Plaintiff's EEOC charge does not mention a Title VII retaliation claim or assert any allegations that she engaged in activity protected under Title VII and experienced retaliation as a result.  *See id.*  Nor can Plaintiff ever exhaust this claim because more than 300 days have elapsed since her June 2021 termination.  *See Brokenborough v. District of Columbia*, 236 F. Supp. 3d 41, 50 (D.D.C. 2017) ("Title VII requires an aggrieved individual to first file a charge with the EEOC and local agency within 300 days of the unlawful employment practice before bringing suit.") (citing 42 U.S.C. § 2000e–5(e)(1), (f)(1); *Lewis v. City of Chicago*, 560 U.S. 205, 210 (2010) ("Before beginning a Title VII suit, a plaintiff must first file a timely EEOC charge.")).  Therefore, Plaintiff's Title VII retaliation claim is unexhausted and must be dismissed.

    B. <u>**Plaintiff Fails to State a Title VII Retaliation Claim.**</u>

Even if Plaintiff had exhausted her administrative remedies, her Title VII claim still fails because she does not allege any protected activity covered by Title VII.  "Title VII's antiretaliation provision forbids employer actions that 'discriminate against' an employee . . . because [s]he has 'opposed' a practice that Title VII forbids or has 'made a charge, testified, assisted, or participated in' a Title VII 'investigation, proceeding, or hearing.'"  *Burlington N. &*

9

*Santa Fe Ry. Co. v. White*, 548 U.S. 53, 59 (2006) (quoting 42 U.S.C. § 2000e-3(a)).  To state a Title VII retaliation claim, a plaintiff must plausibly allege: "(1) that [s]he engaged in statutorily protected activity; (2) that [s]he suffered a materially adverse action by [her] employer; and (3) that a causal link connects the two."  *Jones v. Bernake*, 557 F.3d 670, 677 (D.C. Cir. 2009) (citing *Wiley v. Glassman,* 511 F.3d 151, 155 (D.C. Cir. 2007)).  Protected activity under Title VII must "involve[] opposing alleged discriminatory treatment by the employer [that is covered by Title VII] or participating in legal efforts against the alleged treatment."  *Beyene v. Hilton Hotels Corp.*, 815 F. Supp. 2d 235, 247 (D.D.C. 2011).

   Here, Plaintiff does not allege that she engaged in a protected activity under Title VII.  Plaintiff alleges that she was discharged in "retaliation for her protected activity associated with Plaintiff requesting leave pursuant to the ADA and FMLA."  Compl. ¶ 49.  But requesting FMLA leave is not a protected activity under Title VII.  *Salak v. Pruitt*, 277 F. Supp. 3d 11, 23 (D.D.C. 2017) (collecting cases finding that FMLA leave is not a protected activity under Title VII).  And Plaintiff does not allege that she engaged in any other conduct within the ambit of 42 U.S.C. § 2000e-3(a). [3]  *See* Compl.  Because Plaintiff fails to allege that she participated in a protected activity under Title VII, her Title VII retaliation claim fails.  Thus, the Court should dismiss Count III of the Complaint.

## CONCLUSION

   For these reasons, the Court should grant the District's motion and dismiss the Complaint with prejudice.

---

[3] Plaintiff labels Count III as being brought under 42 U.S.C. § 2000e-2(a)(1), but Title VII's antiretaliation provision for engaging in protected activity is found in 42 U.S.C. § 2000e-3(a).

Date: November 15, 2024

Respectfully submitted,

BRIAN L. SCHWALB
Attorney General for the District of Columbia

STEPHANIE E. LITOS
Deputy Attorney General
Civil Litigation Division

<u>/s/ Christina Okereke</u>
CHRISTINA OKEREKE [219272]
Chief, Civil Litigation Division, Section II

<u>/s/ Rachel B. Gale</u>
RACHEL B. GALE [90003972]
KATHERINE BRUMUND [90017779]
Assistant Attorneys General
400 6th Street, NW
Washington, D.C. 20001
(202) 735-7458
rachel.gale@dc.gov

*Counsel for Defendant District of Columbia*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GERTRUDE TUCK,<br><br>*Plaintiff*,<br><br>v.<br><br>DISTRICT OF COLUMBIA,<br><br>*Defendant*. | Civil Action No. 24-cv-02609 (TSC) |

**ORDER**

Upon consideration of Defendant District of Columbia's Motion to Dismiss the Complaint, any opposition and reply thereto, and the entire record, it is this _____ day of _____ 202_, hereby

**ORDERED** that Defendant's Motion is **GRANTED**; and it is further

**ORDERED** that the Complaint is **DISMISSED WITH PREJUDICE**.

**SO ORDERED**.

_____
TANYA S. CHUTKAN
United States District Judge

CC:  Donna Rucker
George Rose
*Counsel for Plaintiff Gertrude Tuck*

Rachel B. Gale
Katherine Brumund
Assistant Attorneys General
*Counsel for Defendant District of Columbia*