## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

_____
                                        )
GERTRUDE TUCK,                          )
                                        )
            Plaintiff,                  )
                                        )   Civil Action No: 24-cv-02609 (TSC)
      v.                                )
                                        )
DISTRICT OF COLUMBIA,                   )
                                        )
            Defendant.                  )
_____)

## PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION
## TO DEFENDANT'S MOTION TO DISMISS

Plaintiff, Gertrude Tuck, ("Plaintiff" or "Ms. Tuck"), submits this Memorandum of Law in Opposition to the District of Columbia's ("Defendant's") November 15, 2024, Motion to Dismiss ("Motion").

## I.    PRELIMINARY STATEMENT

Defendant is not entitled to dismissal in this matter because Plaintiff has plausibly pleaded each count of discrimination, which have been appropriately and timely filed without delay. Ms. Tuck submits the following opposition to Defendant's November 15, 2024, Motion to Dismiss.

## II.    PROCEDURAL HISTORY

On September 10, 2024, Plaintiff filed the instant Complaint for Damages and Equitable Relief. On November 15, 2024, Defendant filed a Motion to Dismiss. Plaintiff now timely files her Response in Opposition to Defendant's Motion to Dismiss.

## III.    LEGAL STANDARD

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a party may move to dismiss a claim for failure to state a claim upon which relief can be granted. "To survive a motion

to dismiss, a complaint must contain sufficient factual matter, accepted as true,  to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The Complaint must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 681. The Court must take all allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. *See Aktieselskabet AF 21. Nov. 2001 v. Fame Jeans Inc.*, 525 F.3d 8, 15 (D.C. Cir. 2008). Further, the court is required to view the complaint in the light most favorable to the Plaintiff and to accept as true all reasonable factual inferences drawn from Plaintiff's well-pleaded factual allegations. *In re United Mine Workers of Am. Employee Benefit Plans Litig*., 854 F.Supp. 914, 915 (D.D.C. 1994).

However, a complaint that "pleads facts that are merely consistent with a defendant's liability" falls short of showing plausible entitlement to relief. *Atherton v. D.C. Office of the Mayor*, 567 F.3d 672, 681 (D.C. Cir. 2009) (quoting *Iqbal*, 556 U.S. at 678). "[L]abels and conclusions," "a formulaic recitation of the elements of a cause of action," or "naked assertion[s] devoid of further factual enhancement" do not satisfy the pleading standard. *Iqbal*, 556 U.S. at 678, *supra* (citation and internal quotation marks omitted).  Thus, the Court does not need to accept legal conclusions or inferences drawn by the plaintiff if they are unsupported by facts alleged in the complaint. *Food & Water Watch, Inc. v. Vilsack*, 808 F.3d 905, 913 (D.C. Cir. 2015).

## IV.    ARGUMENT

### A.  Plaintiff May Cure Purported Deficiencies in an Amended Complaint.

Under the Federal Rules of Civil Procedure, a party is permitted to amend its complaint "once as a matter of course." Fed. R. Civ. P. 15(a)(1). Thereafter, a party may amend the complaint with the written consent of the opposing party or by leave of court. Fed. R. Civ. P. 15(a)(2). "The

Case 1:24-cv-02609-TSC    Document 10-1    Filed 11/29/24    Page 3 of 10

grant or denial of leave to amend is committed to the sound discretion of the district court." *De Sousa v. Dep't of State*, 840 F. Supp. 2d 92, 113 (D.D.C. 2012) (citation omitted). However, "[t]he court should freely give leave when justice so requires," Fed. R. Civ. P. 15(a)(2), which "severely restrict[s]" the court's discretion to deny leave to amend and dismiss, *Caribbean Broad. Sys., Ltd. v. Cable & Wireless P.L.C.,* 148 F.3d 1080, 1084 (D.C. Cir. 1998) (quoting *Bank v. Pitt*, 928 F.2d 1108, 1112 (11th Cir. 1991)). Indeed, "it is an abuse of discretion to deny leave to amend unless there is sufficient reason, such as undue delay, bad faith or dilatory motive[,] repeated failure to cure deficiencies by previous amendments or futility of amendment." *Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996) (citation omitted).

Therefore, if this Honorable Court finds that the Complaint is not sufficiently pleaded, Plaintiff request that this Honorable Court grant the Plaintiff leave to cure such deficiencies.

**B. <u>Plaintiff Sufficiently Plead a Claim Disability Discrimination.</u>**

Count 1 of Plaintiff's Complaint alleged discrimination on the basis of disability. *See* Compl. ¶¶ 24-33. As a basis for its request to dismiss Count 1, Defendant posits Plaintiff has not plead sufficient factual allegations showing that she suffered an adverse employment action because of her disability, an element of the prima facie claim for disability discrimination. Defendant argue that the pleadings shows that Plaintiff's position was eliminated because of a reduction in force; and Plaintiff did not allege that "non-disabled employees were not also terminated as part of the reduction in force". *See* Def.'s Mem. at 6. Moreover, Defendant argues that Plaintiff failed to sufficiently plead disability discrimination because Plaintiff's FMLA leave as a reasonable accommodation was granted and does not show she was included as part of the reduction in force because of her accommodation. *See id.* at 7.  Defendant's argument is significantly flawed for the following reasons outlined below.

1. **The Factual Allegations and Inferences Sufficiently Plead that Plaintiff Suffered an Adverse Employment Action Because of Her Disability.**

To establish a *prima facie* case of discrimination under both the ADA and DCHRA, a plaintiff must show "that she was disabled within the meaning of the ADA, she was qualified for the position at issue with or without a reasonable accommodation, and she suffered an adverse employment action because of her disability." *Walden*, 177 F. Supp. 3d at 341 (citing *Giles*, 794 F.3d at 5). Ingram v. Dist. of Columbia Child & Family Services Agency, 394 F. Supp. 3d 119, 126 (D.D.C. 2019)

However, "at the motion-to-dismiss stage, a plaintiff does not need to prove a *prima facie* case of discrimination. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 510–12, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002); *see also Twombly*, 550 U.S. at 569–70, 127 S.Ct. 1955 (affirming that *Swierkiewicz* remains good law). Instead, a plaintiff need only allege that she (1) suffered an adverse employment action (2) because of her membership in a protected category. *See Hill v. Bd. of Trs. of the Univ. of the D.C.*, 146 F.Supp.3d 178, 184 (D.D.C. 2015) McNair v. Dist. of Columbia, 213 F. Supp. 3d 81, 86 (D.D.C. 2016)

Furthermore, Courts in this Circuit "have consistently recognized the ease with which a plaintiff claiming employment discrimination can survive ... a motion to dismiss." *Fennell v. AARP*, 770 F.Supp.2d 118, 127 (D.D.C. 2011) (quoting *Rouse v. Berry*, 680 F.Supp.2d 233, 236 (D.D.C. 2010)) (internal quotation marks omitted). In other words, "the factual detail required to survive a motion to dismiss can be quite limited." *Hill*, 146 F.Supp.3d at 184–85 (citations omitted). Yet, although a plaintiff asserting a discrimination claim is not required to plead a *prima*

*facie* case, she still must plead sufficient facts to show a plausible entitlement to relief. *Spaeth v.*

*Georgetown Univ.*, 839 F.Supp.2d 57, 63 (D.D.C. 2012). Id. At 81, 86–87

In her Complaint for Damages and Equitable Relief, Plaintiff alleges that Defendant made

budgetary cuts and reduction in work force decisions prior to Plaintiff taking medical leave

because of her disability. *See* Compl. ¶ 20. In her position as Registrar, Plaintiff was involved in

contacting and notifying staff and personnel who were affected by the reduction in force decision

and Plaintiff's position was not included in the reduction in force decision. *Id.* ¶ 21 Plaintiff was

terminated after she took medical leave due to her disability and Defendant never notified Plaintiff

that her position was eliminated and her employment terminated. *Id.* ¶¶ 18-19 Defendant fail to

notify Plaintiff of her option and give her an opportunity to secure other positions with Defendant,

as Defendant did for other employees who where subjected to the workforce reduction.

The foregoing factual allegations and inferences shows that Plaintiff's was terminated

because of her disability. Defendant made its workforce reduction decisions before Plaintiff took

medical leave due to her disability and Plaintiff's position was not included as part of the workforce

reduction decisions. However, while Plaintiff was on medical leave, Defendant purportedly

eliminated her position as part of the workforce reduction. Here, a clear inference emerges that

Plaintiff's disability was the reason for Defendant to update its workforce reduction decision to

include Plaintiff's position for elimination. Otherwise, Defendant would have included Plaintiff in

the workforce reduction before Plaintiff took medical leave due to her disability.

Furthermore, Defendant failed to notify Plaintiff of the elimination of her position and

termination of her employment while she was on medical leave due to her disability and failed to

notify her of job fairs and other opportunities to regain employment with Defendant. *Id.* ¶ 21 As

Plaintiff was involved in contacting and notifying employees that were subjected to the workforce

reduction, by inference these employees were not out on medical leave due to a disability. Therefore, the inference emerges here that Plaintiff was not notified of the proposed elimination of her position and termination of her employment and given an opportunity to regain employment with Defendant because of her disability status.

> **2. Plaintiff Does not have to alleged that non-disable employees were not also terminated as part of the reduction in force.**

At the motion-to-dismiss stage, a plaintiff does not need to prove a *prima facie* case of discrimination. Here, Plaintiff does not need to allege that non-disable employees were not also terminated as part of the reduction in force. Here Plaintiff would necessarily need some measure of discovery to make this allegation on reasonable grounds.

Because Plaintiff has aver sufficient factual allegations to demonstrate a plausible claim for disability discrimination, the Court must not dismiss this claim.

> **C. Plaintiff Sufficiently Plead a Claim of Age Discrimination**

Concerning Count 2, Defendant contends Plaintiff failed to plausibly allege that she was terminated because of her age. *See* Def.'s Mem. at 8. To this point, Defendant alleges Plaintiff failed to allege that "any decisionmaker involved in the determination to eliminate her position in the reduction of force made such age-based comments to her." *Id*. Moreover, Defendant claims that because Plaintiff failed to allege that younger similarly situated employees were not terminated as part of the reduction in force, her claim of age discrimination should be dismissed. *Id*.

To establish a prima facie case of age discrimination under the ADEA, the plaintiff must demonstrate "facts sufficient to create a reasonable inference that age discrimination was a determining factor in the employment decision." *Cuddy v. Carmen,* 694 F.2d 853, 856–57 (D.C.Cir.1982); *Miller v. Lyng,* 660 F.Supp. 1375, 1377 (D.D.C.1987). The plaintiff creates such an inference if he shows (1) he belongs to the statutorily protected age group; (2) he was qualified

for his position and was performing his job well enough to meet his employer's legitimate expectations; (3) he suffered an adverse employment action despite his qualifications and performance; and (4) he was disadvantaged in favor of similarly situated younger employees. *Reeves v. Sanderson Plumbing Prods.,* 530 U.S. 133, 142, 120 S.Ct. 2097, 147 L.Ed.2d 105 (2000); *Hall v. Giant Food, Inc.,* 175 F.3d 1074, 1077 (D.C.Cir.1999); *Paquin v. Fed. Nat'l Mortgage Ass'n,* 119 F.3d 23, 26 (D.C.Cir.1997) (citing *Coburn v. Pan Am. World Airways, Inc.,* 711 F.2d 339, 342 (D.C.Cir.1983)). Aliotta v. Bair, 576 F. Supp. 2d 113, 119 (D.D.C. 2008), aff'd, 614 F.3d 556 (D.C. Cir. 2010)

In the instant case, Defendant does not argue that (1) Plaintiff do not belong to the statutorily protected age group; (2) was not qualified for the position and was performing her job well enough to meet Defendant's legitimate expectations; and (3) she did not suffer an adverse employment action despite his qualifications and performance. Defendant argue that Plaintiff failed to allege that younger similarly situated employees were not terminated as part of the reduction in force. *See* Def.'s Mem. at 8. However, Defendant contrarily highlighted that Plaintiff, "baldly claims that she was treated unfavorably compared with younger similar situated co-workers and colleagues." *Id.* Here Defendant ignore the obvious inference connecting Plaintiff's allegation that she was treated unfavorably compared with younger similarly situated co-workers and colleagues with the purported workforce reduction eliminating Plaintiff's position and terminating of her employment. However, this is a reasonable inference to be drawn based on the factual allegations in the pleadings.

In her Complaint, Plaintiff alleged that before she went out on medical leave in March 2021, she was subjected to repeated derogatory remarks and comments about her age by the Vice Principal and other administrative staff. The comments and remarks pertained to Plaintiff's "gray

hair", "dyeing" of her hair, her dressing as a "elderly woman".   *See* Compl. ¶ 20 As an initial matter, this conduct, for which Defendant is responsible, likely constitute direct evidence of age discrimination against Defendant. Derogatory comments regarding an employee's age provide direct evidence of age discrimination if there is "a nexus between the remark and the adverse employment decision." *Beeck v. Fed. Exp. Corp.,* 81 F.Supp.2d 48, 54 (D.D.C.2000). Johnson v. Dist. of Columbia, 99 F. Supp. 3d 100, 108 (D.D.C. 2015), aff'd, 688 Fed. Appx. 4 (D.C. Cir. 2017)

In this case there is a nexus by temporal proximity between the derogatory comments about Plaintiff's age and the adverse employment decision taken against Plaintiff while she was out on medical leave. Furthermore, these remarks were made by the Vice Principal, who typically has or influence decision making involving personnel action in the school setting. Vice Principals generally work closely with the school principal, who in this case notified Plaintiff of her termination after she returned to work from medical leave due to her disability.

Plaintiff has therefore aver sufficient factual allegation showing a plausible claim of age discrimination, and therefore this claim must not be dismissed.

**D.  Plaintiff Sufficiently Plead a Claim of Retaliation.**

In Count 3 of Plaintiff's Complaint, Plaintiff alleged that she suffered retaliation by Defendant throughout as a result of her protected EEO activity. Compl. ¶¶ 45-58. Defendant argues that Plaintiff claim fails on two fronts: failure to exhaust administrative remedies and failure to plead she engaged in protected activity. *See* Def.'s Mem. at 18-10. Defendant's analysis is incorrect.

A Title VII lawsuit following the EEOC charge is limited in scope to claims that are "like or reasonably related to the allegations of the charge and growing out of such allegations." *Cheek*

*v. Western and Southern Life Ins. Co.,* 31 F.3d 497, 500 (7th Cir.1994) (citations and internal quotation marks omitted). At a minimum, the Title VII claims must arise from "the administrative investigation that can reasonably be expected to follow the charge of discrimination." *Chisholm v. United States Postal Service,* 665 F.2d 482, 491 (4th Cir.1981) Park v. Howard Univ., 71 F.3d 904, 907 (D.C. Cir. 1995)

In this case, Plaintiff's claim of retaliation arises from the administrative investigation that followed the charge of discrimination. Indeed, the EEOC Letter of Determination noted that: "In addition, growing out of the investigation, I find reasonable cause to believe that Respondent failed to notify Charging Part of the reduction in force and discharge her in retaliation for her protected activity associated with requesting leave." (Exhibit A – EEOC Letter of Determination, Charge No. 570-2022-00305)

Furthermore, the factual allegations and inferences also show that Plaintiff engaged in protected activities. Defendant highlighted that Plaintiff alleged that, "because she requested accommodation based on her disability, she was terminated. Plaintiff's request for accommodation due to disability is a protected activity.

### E. Conclusion

For the reasons stated above, Plaintiff respectfully requests that this Honorable Court deny Defendant's Motion to Dismiss, grant Plaintiff leave to amend her Complaint if required and grant such other and further relief as deemed just and proper.

Dated: November 29, 2024.                    Respectfully submitted,

                                By:    */s/ Donna Williams Rucker*
                                       Donna Williams Rucker
                                       (D.C. Bar No. 446713)
                                       MANAGING PARTNER

Tully Rinckey PLLC
2001 L Street, NW, Suite 902
Washington, DC 20036
(202) 787-1900 (phone)
(202) 640-2059 (fax)
DRucker@fedattorney.com
*Attorney for Plaintiff*


*/s/ George Rose*
George A. Rose
Senior Counsel
Tully Rinckey PLLC
2001 L Street, NW, Suite 902
Washington, DC 20036
(202) 787-1900 (phone)
(202) 640-2059 (fax)
 grose@tullylegal.com
*Attorney for Plaintiff*


## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing Plaintiff's Memorandum of Law in Opposition to Defendant's Motion to Dismiss was served this 29th day of November 2024, *via* the court's electronic case filing system on:


Brian L. Schwalb, Attorney General for the District of Columbia
Stephanie E. Litos, Deputy Attorney General, Civil Litigation Division
Christina Okereke, Chief, Civil Litigation Division, Section II
Rachel B. Gale, Assistant Attorney General (rachel.gale@dc.gov)
Katherine Brumund, Assistant Attorney General
400 6th Street, NW
Washington, D.C., 20001
Phone: (202735-7458


*/s/ George Rose*
George A. Rose