**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

GERTRUDE TUCK,

*Plaintiff*,

v.

DISTRICT OF COLUMBIA,

*Defendant*.

Civil Action No. 24-cv-02609 (TSC)

**RULE 16.3(c) REPORT**

The parties, Plaintiff Gertrude Tuck and Defendant District of Columbia (the District), through counsel, have met and conferred and respectfully submit this report to the Court under Fed. R. Civ. P. 26(f) and LCvR 16.3(c).

**STATEMENT OF THE CASE**

As directed by the Court's August 14, 2025 Order, the parties provide this brief statement of the case. Plaintiff Gertrude Tuck brings discrimination and retaliation claims under the Americans with Disabilities Act of 1990 (ADA), 42 U.S.C. § 12101 *et seq*.; and a discrimination claim under the Age Discrimination in Employment Act of 1967 (ADEA), 29 U.S.C. § 62 *et seq*., arising from her employment as a Registrar with the District of Columbia Public Schools (DCPS). Plaintiff alleges that she was terminated from her employment with DCPS based on her disability and age and in retaliation for seeking leave under the ADA. The District denies all claims of wrongdoing and asserts the defenses listed in its Answer.

**LCvR 16.3(c) MATTERS**

1. Dispositive Motions: The District anticipates filing a dispositive motion after discovery is completed. Plaintiff may file a dispositive motion.

2. Joinder of Parties/Amendment of Pleadings/Narrowing of Issues: The parties propose that any amended pleadings be filed, and any parties, joined, by October 27, 2025.
3. Magistrate Judge: The parties do not consent to assigning this case to a magistrate judge for all purposes, including trial.
4. Possibility of Settlement: The parties anticipate engaging in discovery prior to engaging in any settlement discussions.
5. ADR: The parties believe that informal settlement negotiations will be sufficient to entertain a possible resolution of the case before trial but are not opposed to considering formal mediation if those efforts fail.
6. Motions: Plaintiff may file a dispositive motion. The District anticipates filing a dispositive motion after discovery is completed. The parties propose the following briefing schedule for dispositive motions: the District shall file its motion for summary judgment on June 10, 2026; Plaintiff shall file her opposition to the District's summary judgment motion and her cross motion for summary judgment, if any, on July 10, 2026; the District shall file its reply to Plaintiff's opposition and its opposition to Plaintiff's cross motion on July 31, 2026; and Plaintiff shall file her reply in support of her cross motion by August 14, 2026.
7. Initial Disclosures: The parties will exchange Fed. R. Civ. P. 26(a)(1) initial disclosures on or before October 27, 2025.
8. Discovery Plan: The parties propose that each party be allowed up to five depositions, 30 interrogatories, 30 requests for admissions, and 30 requests for production of documents. The parties also propose that Plaintiff serve any notice of deposition under Rule 30(b)(6) at least 30 days before the date of that deposition.

The parties anticipate filing a Joint Motion for a Protective Order governing the disclosure and use of the District's confidential personnel information and other personally identifiable information. The proposed Protective Order will also include procedures for asserting claims of privilege or of protection of trial preparation materials.

The parties propose the following schedule for discovery:

| Event | Deadline |
|---|---|
| Plaintiff's expert witness designations and disclosures | February 9, 2026 |
| Defendant's rebuttal expert witness designations and disclosures | April 10, 2026 |
| Close of discovery | May 11, 2026 |

9. Disclosure, Discovery, and Preservation of ESI: The parties anticipate discussing and agreeing to the parameters and search terms to govern any request for the production of emails under Fed. R. Civ. P. 26. Such agreement would outline:

(1) identification of custodians to be searched;

(2) identification of the date range to be searched;

(3) identification of search terms;

(4) understanding of methodology for conducting the searches and review.

The District proposes producing electronically stored information (ESI) metadata to Plaintiff as follows, under the limitations set forth in Fed. R. Civ. P. 26(b): The District requests that ESI production and imaged hard copy documents, including email, should be rendered to TIFF image format and accompanied by an image cross reference (load) file; and all applicable metadata should be extracted and provided in load file format.

10. Privilege/Protection Claims: The parties anticipate that an agreement regarding claims of privilege or of protection as trial preparation materials will be included in the parties' protective order referenced in Paragraph 8 above.

11. Expert Witness Reports and Depositions: The parties propose that Plaintiff serve her expert report and disclosures by February 9, 2026, and that the District serve its rebuttal expert report and disclosures by April 10, 2026. The parties propose no changes to the requirements of Fed. R. Civ. P. 26(a)(2)(C).

12. Class Action: This case is not a class action.

13. Bifurcation: The parties do not believe that bifurcation of trial or discovery is necessary at this time.

14. Pretrial Conference: The parties propose that the Court set a date for a pretrial conference after resolving any motion for summary judgment.

15. Trial Date: The parties propose that the trial date be set at the final pretrial conference.

16. Other Matters: None.

Dated: September 12, 2025

Respectfully submitted,

*/s/ Donna Williams Rucker*
Donna Williams Rucker [446713]
TULLY RINCKEY PLLC
2001 L Street NW, Suite 902
Washington, D.C. 20006
Telephone: 202-787-1900
Facsimile: 202-640-2059
DRucker@fedattorney

*/s/ George Rose*
George A. Rose
Senior Counsel

Tully Rinckey PLLC
2001 L Street, NW, Suite 902
Washington, DC 20036
(202) 787-1900 (phone)
(202) 640-2059 (fax)
grose@tullylegal.com

*Counsel for Plaintiff Gertrude Tuck*

BRIAN L. SCHWALB
Attorney General for the District of Columbia

CHAD COPELAND
Deputy Attorney General
Civil Litigation Division

*/s/ Christina Okereke*
CHRISTINA OKEREKE [219272]
Chief, Civil Litigation Division Section II

*/s/ Rachel B. Gale*
RACHEL B. GALE [90003972]
KATHERINE BRUMUND [90017779]
Assistant Attorneys General
400 6th Street, NW
Washington, D.C. 20001
(202) 735-7458
rachel.gale@dc.gov

*Counsel for Defendant District of Columbia*

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| GERTRUDE TUCK,<br>*Plaintiff*,<br>v.<br>DISTRICT OF COLUMBIA,<br>*Defendant*. | Civil Action No. 24-cv-02609 (TSC) |

**SCHEDULING ORDER**

**1. DEADLINES:**

It is hereby **ORDERED** that the Parties shall adhere to the following deadlines:

| Event | Deadline |
|---|---|
| Deadline to Exchange Initial Disclosures | October 27, 2025 |
| Deadline to Amend the Pleadings | October 27, 2025 |
| Deadline to Join Additional Parties | October 27, 2025 |
| Plaintiff's Rule 26(a)(2) Expert Disclosures | February 9, 2026 |
| Defendant's Rule 26(a)(2) Expert Disclosures | April 10, 2026 |
| End of Discovery | May 11, 2026 |
| Defendant's Motion for Summary Judgment Due | June 10, 2026 |
| Plaintiff's Response to Defendant's Motion and Cross Motion for Summary Judgment Due | July 10, 2026 |

| | |
|---|---|
| Defendant's Reply and Response to Plaintiff's Cross Motion Due | July 31, 2026 |
| Plaintiff's Reply Due | August 14, 2026 |

**2. DEPOSITIONS AND WRITTEN DISCOVERY REQEUSTS:**

Absent agreement of the parties or Order of the Court to the contrary, the parties shall be limited to no more than five (5) depositions and no more than thirty (30) interrogatories, thirty (30) requests for admission, and thirty (30) requests for production of documents per side. Plaintiff shall serve any notice of Defendant's deposition under Rule 30(b)(6) at least 30 days before the date of that deposition.

**3. DISCOVERY DISPUTES:**

Counsel shall confer in good faith in an effort to resolve any discovery dispute. If counsel are unable to resolve the dispute, they must first **JOINTLY** submit, via email to chambers, a clear, concise description of the issues in dispute, each party's position on the disputed issues, and the parties' joint availability for an on-the-record telephone conference. The Court will then respond as soon as practicable to schedule a telephone conference and provide the parties with call-in information.

**Counsel shall not file any discovery-related motion without a prior telephone conference with the Court and opposing counsel.**

Counsel are hereby notified that a party who does not prevail in a discovery dispute may be ordered to pay the costs involved, including reasonable attorney's fees.

**4. REQUEST FOR APPOINTMENT OF MEDIATOR:**

If at any point the parties desire to engage in mediation, with a Magistrate Judge or through the Mediation Program of the Circuit Executive's Office, the parties shall file a joint motion captioned "Joint Motion for Mediation."

Date: September ____, 2025

TANYA S. CHUTKAN
United States District Judge